**FILED**
CLERK, U.S. DISTRICT COURT
2/20/2025
CENTRAL DISTRICT OF CALIFORNIA
BY: ___ASI___ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

June 2024 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>EDUARDO FIDEL ALVARADO,<br>  aka "Shorty,"<br>  aka "Chapo," and<br>TADERRIO MARTRELL JOHNSON,<br>  aka "Weezy,"<br><br>  Defendants. | CR No. 2:25-cr-00115-MCS<br><br>I N D I C T M E N T<br><br>[21 U.S.C. § 846: Conspiracy to Distribute and to Possess with Intent to Distribute Controlled Substances; 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(vi): Possession with Intent to Distribute Fentanyl; 21 U.S.C. § 853: Criminal Forfeiture] |

The Grand Jury charges:

COUNT ONE

[21 U.S.C. § 846]

[BOTH DEFENDANTS]

A.  OBJECTS OF THE CONSPIRACY

Beginning on a date unknown to the Grand Jury, and continuing until at least May 23, 2020, in Los Angeles and Riverside Counties, within the Central District of California, and elsewhere, defendants

1

1  EDUARDO FIDEL ALVARADO, also known as ("aka") "Shorty," aka "Chapo,"
2  TADERRIO MARTRELL JOHNSON, aka "Weezy," and others known and unknown
3  to the Grand Jury, conspired and agreed with each other to knowingly
4  and intentionally distribute, and possess with intent to distribute:
5           (a)  At least 400 grams of a mixture and substance
6  containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-
7  piperidinyl] propanamide ("fentanyl"), a Schedule II narcotic drug
8  controlled substance, in violation of Title 21, United States Code,
9  Sections 841(a)(1), (b)(1)(A)(vi);
10          (b) At least 50 grams of methamphetamine, a Schedule II
11 controlled substance, in violation of Title 21, United States Code,
12 Sections 841(a)(1), (b)(1)(A)(viii); and
13          (c) At least 500 grams of a mixture or substance containing
14 a detectable amount of cocaine, a Schedule II narcotic drug
15 controlled substance, in violation of Title 21, United States Code,
16 Sections 841(a)(1), (b)(1)(B)(ii).
17 B.   MEANS BY WHICH THE OBJECTS OF THE CONSPIRACY WERE TO BE
18      ACCOMPLISHED
19     The objects of the conspiracy were to be accomplished, in
20 substance, as follows:
21     1.   Defendant ALVARADO would identify potential customers
22 wanting to purchase fentanyl and other federally controlled
23 substances.
24     2.   Defendant ALVARADO would obtain fentanyl and other
25 federally controlled substances from various sources of supply,
26 including unindicted co-conspirator 1 ("Co-Conspirator 1") in
27 exchange for cash.
28

3.   Defendant ALVARADO would recruit third parties, including defendant JOHNSON, to pick up and/or deliver the fentanyl and other federally controlled substances to the drug customers.

4.   Defendant JOHNSON served as a courier, that is, he transported fentanyl and other federally controlled substances and delivered them to defendant ALVARADO's drug customers.

C.   OVERT ACTS

On or about the following dates, in furtherance of the conspiracy and to accomplish its objects, defendant ALVARADO, defendant JOHNSON, and others known and unknown to the Grand Jury, committed various overt acts in Los Angeles and Riverside Counties, within the Central District of California, and elsewhere, including, but not limited to, the following:

1.   On May 22, 2020, in a telephone call using coded language, defendant ALVARADO discussed the purchase of approximately one kilogram of fentanyl with Co-Conspirator 1 and attempted to negotiate the price of the fentanyl.

2.   On May 22, 2020, in a telephone call using coded language, defendant ALVARADO agreed with Co-Conspirator 1 that defendant ALVARADO would not give "cash" to the person providing the fentanyl, and instead a different party would later "pick up" the "cash" from defendant ALVARADO.

3.   On May 22, 2020, in a series of telephone calls and electronic communications using coded language, defendant ALVARADO contacted unindicted co-conspirator 2 ("Co-Conspirator 2") and agreed to meet in La Quinta, California, to obtain fentanyl.

4.   On May 22, 2020, in a telephone call using coded language, defendant ALVARADO instructed defendant JOHNSON to follow defendant

3

ALVARADO to the location provided by Co-Conspirator 2. Defendant ALVARADO was driving a white Maserati, and defendant JOHNSON was driving a gray Infiniti.

5. On May 22, 2020, defendant ALVARADO and defendant JOHNSON traveled to the address provided by Co-Conspirator 2 in La Quinta, California, and defendant ALVARADO met with Co-Conspirator 2, who provided defendant ALVARADO with the fentanyl.

6. On May 22, 2020, shortly after meeting with Co-Conspirator 2, defendant ALVARADO returned to his white Maserati, and placed approximately one kilogram of fentanyl in the trunk.

7. On May 22, 2020, defendant ALVARADO and defendant JOHNSON, each in separate vehicles, pulled into a gas station in Riverside County, and defendant ALVARADO gave defendant JOHNSON approximately one kilogram of fentanyl.

8. On May 22, 2022, in a telephone call using coded language, defendant ALVARADO contacted Co-Conspirator 1, the source of supply, and informed Co-Conspirator 1 that defendant ALVARADO had "got" the fentanyl.

9. On May 22, 2020, in a telephone call using coded language, defendant ALVARADO contacted Co-Conspirator 1 and informed Co-Conspirator 1 that "CHP pulled over my driver" and "took him to jail."

10. On May 23, 2020, in a telephone call using coded language, Co-Conspirator 1 informed defendant ALVARADO that defendant ALVARADO needed to pay "at least two G's" for the seized fentanyl.

## COUNT TWO

[21 U.S.C. §§ 841(a)(1), (b)(1)(a)(vi); 18 U.S.C. § 2(a)]

[BOTH DEFENDANTS]

On or about May 22, 2020, in Riverside County, within the Central District of California, defendants EDUARDO FIDEL ALVARADO, also known as ("aka") "Shorty," aka "Chapo," and TADERRIO MARTRELL JOHNSON, aka "Weezy," each aiding and abetting the other, knowingly and intentionally possessed with intent to distribute at least 400 grams, that is, approximately 1,002 grams, of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide ("fentanyl"), a Schedule II narcotic drug-controlled substance.

FORFEITURE ALLEGATION

[21 U.S.C. § 853]

1.   Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 21, United States Code, Section 853 and Title 28, United States Code, Section 2461(c), in the event of any defendant's conviction of the offenses set forth in any of Counts One and Two of this Indictment.

2.   Any defendant so convicted shall forfeit to the United States of America the following:

   (a)  All right, title and interest in any and all property, real or personal, constituting or derived from, any proceeds which the defendant obtained, directly or indirectly, from any such offense;

   (b)  All right, title and interest in any and all property, real or personal, used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of any such offense; and

   (c)  To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a) and (b).

3.   Pursuant to Title 21, United States Code, Section 853(p), any defendant so convicted shall forfeit substitute property if, by any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof:

//

//

(a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

                                              A TRUE BILL

                                              /S/
                                              Foreperson

JOSEPH T. MCNALLY
Acting United States Attorney

*Lindsey Greer Dotson*

LINDSEY GREER DOTSON
Assistant United States Attorney
Chief, Criminal Division

J. MARK CHILDS
Assistant United States Attorney
Chief, International Narcotics,
Money Laundering, and
Racketeering Section

LANA MORTON OWENS
Assistant United States Attorney
International Money Laundering,
Narcotics and Racketeering
Section